```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

EDWIN FIGUEROA,                     :

                Plaintiff,          :    12 Civ. 4115 (HBP)

    -against-                       :    OPINION
                                         AND ORDER
MRM WORLD WIDE,                     :

                Defendant.          :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By an application dated December 12, 2012 (Docket Item 20), plaintiff seeks to have his case added to the list of cases considered by the Court's Pro Bono Panel.[1]  For the reasons set forth below, the motion is denied without prejudice to renewal.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant.  Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff.  If no panel member agrees to represent the plaintiff, there is nothing more the Court can do.  See generally Mallard v. United States District Court, 490 U.S. 296 (1989).  Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003).  As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention.  Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim.  In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether

>the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

In considering plaintiff's motion for pro bono counsel I have considered the entire record in this case, including the pending motion for summary judgment.

This is an employment discrimination action in which plaintiff alleges, among other things, that he was wrongfully terminated by defendant. There appears to be no dispute that at the time plaintiff left defendant's employment, he executed a release in favor of defendant and all its agents and accepted a severance payment. There also appears to be no dispute that plaintiff has kept the severance payment and has never offered to return it to defendant. Plaintiff contests the validity of the release, asserting that it was signed under duress and that there are other factors that render it unenforceable. He also claims that the negative performance reviews that preceded the termination of his employment were unjustified.

I am willing to assume for purposes of the present motion that plaintiff lacks the funds to retain counsel and that he has made reasonably diligent efforts to locate counsel on his own. There does not, however, appear to be a basis for concluding that the remaining factors have been satisfied.

First, it appears that plaintiff can competently litigate this case on his own.[2] I have reviewed plaintiff's opposition to the pending motion for summary judgment, and it is clear, articulate and understandable.

Second, and more importantly, plaintiff has not yet demonstrated that his case has sufficient merit to be added to the list of cases considered by Court's Pro Bon Panel. I emphasize that this case is still in its early stages, and that I am not making a final decision on any issue at this time. Nevertheless, it appears that plaintiff's principal evidence of illegal discrimination is that two Caucasian employees received positions that plaintiff had sought. However, there is documentary evidence showing that defendant

---

[2] I am not suggesting that plaintiff can represent himself as well as an attorney would. In almost every case, an attorney will represent a non-attorney better than the non-attorney will represent himself. However, the issue is not whether plaintiff will represent himself as well as counsel would. Rather the issue is can he competently represent himself, and, in this case, I believe he can.

had issues with plaintiff's performance and, as noted above, there is no dispute that at the time plaintiff's employment was terminated, he accepted a severance payment and executed a release. Thus, in order to prevail in this case, plaintiff not only has to prove that he was the victim of illegal discrimination, he will also, in all probability, have to come forward with some evidence controverting the release. The present application does not explain how he will carry these burdens.

Accordingly, for all the foregoing reasons, plaintiff's application to have his case added to the list of cases considered by the Court's Pro Bono Panel is denied without prejudice to renewal.

Dated:  New York, New York
        September 10, 2013

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Mr. Edwin Figueroa
Apt. 3-B
1523 Unionport Road
Bronx, New York  10462

Michael R. Marra, Esq.
Cooley LLP
1114 Avenue of the Americas
New York, New York  10036